JUDGE ENGELMAYER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Anthony Robinson,

           Plaintiff,

-against-

The City of New York; Kenya Hooks, in her individual capacity; Catherine Hoover, in her individual capacity, and John and Jane Does 1 through 5, each in his or her individual capacity,

           Defendants

14 CV 4223

ECF CASE

COMPLAINT AND DEMAND FOR JURY TRIAL

RECEIVED JUN 12 2014 U.S.D.C. S.D.N.Y. CASHIERS

## PRELIMINARY STATEMENT

1. This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

## JURISDICTION

2. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

## VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that, *inter alia*, the events giving rise to the claim occurred in the Southern District of New York.

## JURY DEMAND

5. The Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

6. Plaintiff ANTHONY ROBINSON is a resident of New York.

7. Defendant THE CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

8. The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

9. At all relevant times herein, defendants KENYA HOOKS, CATHERINE HOOVER and JOHN and JANE DOES 1 through 5 (collectively, the "Individual Defendants"), were employed by the NYPD and were acting in the capacity of agent, servant, and employee of the City.

10. Plaintiff is unable to determine the actual names of John and Jane Does 1 through 5 at this time and thus sues them under fictitious names.

11. At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The Individual Defendants were acting for and on behalf of the City of New York at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City of New York and incidental to the lawful pursuit of their duties as officers, employees and agents of the City of New York.

12. The Individual Defendants are sued in their individual capacities.

## STATEMENT OF FACTS

13. On December 18, 2011, at about 6 o'clock in the evening, plaintiff Anthony Robinson was near the corner of West 113th Street and Lenox Avenue in Manhattan talking to some friends.

14. A police van approached and approximately four police officers, including defendant Officer Hooks, jumped out of the van and began questioning Mr. Robinson and some of the other young men that he was with about what they were doing.

15. The officers then started searching the young men, including Mr. Robinson, who they placed up against a gate, patted down and went through his pockets.

16. Nothing illegal was found on Mr. Robinson.

17. This notwithstanding, the officers arrested Mr. Robinson, handcuffing him behind his back and placing into a police van with three other young men who were also arrested.

18. All four men were driven in the same van to the 28th Precinct.

19. At the precinct, Mr. Robinson was brought to a holding cell where he was subjected to a visual body cavity search in which he was told to undress, squat, spread his buttocks, and cough prior to allowing him to put his clothes back on.

20. Mr. Robinson remained at the precinct until he was brought to Central Booking, where he was eventually arraigned on a misdemeanor complaint and, after approximately 24 hours in police custody, released on his own recognisance.

21. The case was adjourned to February 21, 2012

22. On that date, all the charges against Mr. Robinson were dismissed.

23. The misdemeanor complaint charged Mr. Robinson with Attempted Tampering with Physical Evidence (N.Y. Penal Law § 110/215.40(2)) and Criminal Possession of a Controlled Substance in the Seventh Degree (N.Y. Penal Law § 220.03).

24. To support the charge of Attempted Tampering, defendant Officer Hooks alleged the she "observed [Mr. Robinson] holding an object in [his] hand. . . . [and] when [she] approached [Mr. Robinson], [he] concealed the object by placing into [sic] his pants pocket and stated in substance to [Officer Hooks]: I don't have anything."

25. The misdemeanor complaint further alleges that defendant Officer Hoover recovered "methamphetamine from the backseat of the Radio Motor Patrol vehicle from which [Mr. Robinson] was transported" and "that prior to transporting [Mr. Robinson] in the Radio Motor Patrol vehicle, [Officer Hooks] inspected the backseat of the vehicle and determined that no controlled substances or other contraband were present in the vehicle."

26. The misdemeanor complaint does not allege that the Police found anything on Mr. Robinson prior to their arrest of him.

27. Mr. Robinson, who was transported in the police van with at least three other people, denies possessing methamphetamine or any other controlled substance.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C.§ 1983 Against the Individual Defendants

28. All other paragraphs herein are incorporated by reference as though fully set forth.

29. By arresting, detaining, charging and strip searching plaintiff, the Individual Defendants engaged under color of law in the violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to, *inter alia*, be free from unreasonable searches and seizures, false arrest and imprisonment.

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

30. All other paragraphs herein are incorporated by reference as though fully set forth.

31. Municipal liability for the violations of plaintiff's Fourth and Fourteenth Amendment rights rests upon the grounds set forth below.

32. At all times material to this complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

33. At all times material to this complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of

failing to inform the individual defendants supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

WHEREFORE, the plaintiff requests that this Court:

1. Assume jurisdiction over this matter;

2. Award compensatory and punitive damages to plaintiff against the defendants, jointly and severally;

3. Award plaintiff reasonable costs, disbursements and attorneys fees; and

4. Grant any other relief the Court deems appropriate.

Dated: New York, New York
       May 1, 2014

                                    Respectfully submitted,

                                    Darius Wadia, L.L.C.


                                    By: Darius Wadia (Bar number DW8679)
                                    Attorney for Plaintiff
                                    233 Broadway, Suite 2208
                                    New York, New York  10279
                                    dwadia@wadialaw.com
                                    (212) 233-1212

-6-